WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeWayne Curbow,<br><br>           Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>           Defendant. | No. CV-14-8222-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Plaintiff DeWayne Curbow's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his claim for disability benefits. Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges disability beginning on January 22, 2010.

This Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 15). After reviewing the Administrative Record ("A.R."), Plaintiff's Opening Brief (Doc. 20), Defendant's Response Brief (Doc. 24), and Plaintiff's Reply (Doc. 25), the Court finds that the Administrative Law Judge's ("ALJ") decision contains

harmful legal error. For the reasons explained in Section II below, the decision is reversed and the case is remanded to the Commissioner of Social Security for further administrative proceedings.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least twelve months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

---

[2] *Parra*, 481 F.3d at 746.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Id.*; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1963, has worked as a truck driver and grocery store stocker. (A.R. 61, 70). In early 2011, Plaintiff filed a Title II application for disability insurance benefits. (A.R. 135-36). Plaintiff's application alleged that on April 27, 2009,[3] Plaintiff became unable to work due to the following impairments: (i) depression; (ii) five bad discs in his lower back; and (iii) three bad discs in his neck. (A.R. 70). Social

---

[3] Plaintiff later amended his alleged disability onset date to January 22, 2010. (A.R. 37, 236).

Security denied Plaintiff's application in August 2011. (A.R. 98-101). In January 2012, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of Plaintiff's application. (A.R. 105-07). Plaintiff then requested a hearing before an ALJ. (A.R. 108-09). The ALJ held a video hearing in March 2013. (A.R. 34-68). In her May 2013 decision, the ALJ found that Plaintiff is not disabled. (A.R. 14-21). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On November 19, 2014, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 22, 2010. (A.R. 16). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has one severe impairment—cervical multi-level spondylosis with neural impingement. (A.R. 16). Plaintiff argues that the ALJ erred by not including Plaintiff's alleged lumbar orthopedic issues and depression in the list of severe impairments. (Doc. 20 at 5-7).

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 18). Plaintiff disputes the ALJ's determination at this step. (Doc. 20 at 7-8).

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform light exertional work as defined in 20 C.F.R. §§ 404.1567(b), except that:

> [Plaintiff] is limited to performing occupations that require no more than occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling and climbing on ramps and stairs. [Plaintiff] must avoid all occupations that require climbing on ladders/ropes/scaffolds.

(A.R. 18). After considering the testimony of a vocational expert ("VE") and Plaintiff's RFC, the ALJ determined that Plaintiff is unable to perform his past relevant work as a truck driver and stocker. (A.R. 19-20).

Plaintiff argues that the ALJ erred at step four by improperly weighing the Plaintiff's Veteran's Administration ("VA") medical records and Plaintiff's 70% VA disability rating. (Doc. 20 at 8-9). The Court finds that the ALJ committed harmful legal error by failing to sufficiently explain the consideration and weight given to Plaintiff"s VA disability rating.

### 5. Step Five: Capacity to Perform Other Work

At the final step, the ALJ found that Plaintiff is able to perform other jobs existing in significant numbers in the national economy. (A.R. 21-22). Because the ALJ committed harmful legal error at step four, the ALJ's determination at step five is also erroneous.

### C. The ALJ Committed Reversible Legal Error by Failing to Properly Weigh Plaintiff's VA Disability Rating

"No circuit has held that an ALJ is free to disregard a VA disability rating." *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). In *McCartey*, the Ninth Circuit Court of Appeals held that an ALJ must ordinarily give great weight to a VA determination of disability. *Id.* at 1076. An ALJ may discount a VA disability rating only if he or she provides persuasive, specific, and valid reasons that are supported by the record. *Id.*

- 6 -

Here, the VA assigned Plaintiff a 50% disability rating for major depressive disorder and a 40% disability rating for intervertebral disc syndrome. (A.R. 17, 878). Under the VA regulations, this equates to a combined disability rating of 70%. 38 C.F.R. § 4.25 The ALJ's decision addresses Plaintiff's VA disability rating in a single paragraph:

> The undersigned notes that the claimant also has been treated for a major depressive disorder (MDD) during the adjudicatory period. In fact, as of November 2012, 50% of his 70% service-connected disability was for MDD and 40% was for intervertebral disc syndrome (exhibit 17F/27). Yet, during much of the adjudicatory period, the claimant was must less depressed when his physical condition improved. For example, in September 2010, he was walking daily and taking care of his friend's two children after school (exhibit 5F/122). Moreover, in July 2010, the claimant underwent a consultative psychiatric evaluation at the request of the State agency. The examiner, Doris Javine, Ph.D., a clinical psychologist, diagnosed the claimant with depression related to his medical condition. Dr. Javine noted that the claimant had received good results with treatment, including counseling and medications. In her medical source statement, the doctor determined that the claimant has had no significant mental limitation, which has lasted or is expected to last for 12 continuous months or longer (exhibit 8F).

(A.R. 17).

Defendant contends that under *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685 (9th Cir. 2009), the ALJ was justified in giving little weight[4] to Plaintiff's VA disability rating by referencing evidence not considered by the VA—Dr. Javine's psychological evaluation. (Doc. 24 at 11-12). In *Valentine*, the claimant's VA disability rating was increased from 70% to 100% while the claimant's case was pending before the ALJ. *Id.* at 688-89. The ALJ's decision discussed the 100% disability rating, but noted that it "was not based on a comprehensive evaluation of the evidence available to the

---

[4] As discussed below, the ALJ did not explicitly state that she assigned little weight to Plaintiff's disability rating.

undersigned [ALJ]." *Id.* at 695. The Ninth Circuit found that the "ALJ was justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have." *Id.* The Ninth Circuit further concluded that "<u>on this record</u>, the acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason[ ] . . . supported by the record' under *McCartey* for according little weight to a VA disability rating." *Id.* (emphasis added). Three points distinguish this case from *Valentine*.

First, while a reviewing court may draw specific and legitimate inferences from an ALJ's decision, a court cannot speculate on the ALJ's reasoning or make "*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009); *Magallanes*, 881 F.2d at 755. In *Valentine*, it was clear from the ALJ's decision that the ALJ rejected the claimant's 100% VA disability rating by finding that the claimant was able to work. In this case, it is not clear that the ALJ discounted Plaintiff's disability rating. Not only does the ALJ's decision not discuss the weight assigned to Plaintiff's disability rating, but it does not acknowledge that a VA disability rating is ordinarily entitled to great weight. In addition, the ALJ's decision does not provide sufficient analysis in which the Court may infer the weight assigned to the rating.[5] The Court cannot speculate what the ALJ may have been thinking with respect to Plaintiff's disability rating.

Second, the ALJ in *Valentine* explicitly stated that Plaintiff's VA disability rating was not based on evidence available to the ALJ. The ALJ in this case made no such explicit statement. Defendant's argument that the ALJ rejected the disability rating based on new evidence invites the Court to engage in impermissible speculation as to the ALJ's

---

[5] It is possible that the ALJ simply found that Plaintiff's 70% VA disability rating was consistent with Plaintiff's assessed RFC. *See Lewis v. Astrue*, No. CV 08-5669 MHP, 2009 WL 4981142, at *6-7 (N.D. Cal. Dec. 15, 2009) (claimant argued on appeal that the ALJ failed to give proper weight to the claimant's 70% VA disability rating; Social Security contended that the rating was accepted and reflected in the ALJ's RFC assessment).

- 8 -

reasoning. *Bray*, 554 F.3d at 1225; *see also see also Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.") (citations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Without additional analysis, the Court cannot meaningfully review the ALJ's consideration of Plaintiff's disability rating.

Finally, Plaintiff's VA disability rating is based on both depression and intervertebral disc syndrome. Dr. Javine only evaluated Plaintiff's mental state. The ALJ does not discuss any evidence regarding Plaintiff's intervertebral disc syndrome that the VA did not review. Nor does the ALJ set forth a "properly justified reevaluation of old evidence."[6] *Valentine*, 574 F.3d at 695. The Court cannot speculate as to the extent of the ALJ's consideration of Plaintiff's 40% VA disability rating for intervertebral disc syndrome.

For the above reasons, the Court finds that the ALJ failed to properly evaluate Plaintiff's VA disability rating. The Court does not find that this error is "inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at

---

[6] The ALJ's statement that "in September 2010, [Plaintiff] was walking daily and taking care of his friend's two children after school" does not constitute a properly justified reevaluation of old evidence. Plaintiff testified that he was walking daily pursuant to his doctor's recommendation and that his legs are almost totally numb by the end of the walks. (A.R. 54-55). Plaintiff also testified that he only took care of his friend's children for six or seven months. (A.R. 44). It is unclear from the record exactly how much activity was involved in taking care of the children, who were ages 9 and 11. (*Id.*). The ALJ has not adequately explained how Plaintiff's daily walks and babysitting translate to the ability to sustain competitive employment on a full-time basis. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day").

1038.  Because the error alone warrants remand, the Court declines to address Plaintiff's remaining arguments.

### D.  Remand for Further Proceedings is Appropriate

The Court has discretion to remand a case for further proceedings or for an award of benefits.  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  A court may remand for an award of benefits if the record has been fully developed and further proceedings would serve no useful purpose.  *Id*.; *McCartey*, 298 F.3d at 1076.  The Ninth Circuit has explained that:

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*McCartey*, 298 F.3d at 1076.

In *McCartey*, the Ninth Circuit found that the ALJ erroneously disregarded the claimant's 80% VA disability rating.  *Id*.  Finding that the claimant's disability rating was supported by several hundred pages of medical records, the Ninth Circuit ruled that the case should be remanded to Social Security for payment of benefits.  *Id.* at 1077.  Here, while Plaintiff's 70% disability rating is supported by numerous medical records, it is unclear whether the rating necessarily means that Plaintiff is disabled within the meaning of the Social Security Act.  *See Herron v. Astrue*, 407 F. App'x 139, 141 (9th Cir. 2010) (finding that ALJ failed to give valid reasons for discounting a claimant's 70% VA disability rating and remanding to the district court with instructions to further remand to Social Security for further proceedings rather than an award of benefits).  While Plaintiff's VA records show that Plaintiff suffers from chronic pain, "disability requires more than mere inability to work without pain."  *Brown v. Bowen*, 801 F.2d 361, 362–63 (10th Cir. 1986) (citation and internal quotation marks omitted).  Moreover, the Court notes that the VA denied Plaintiff's request for a 100% unemployable rating.  (A.R. 483).

This suggests that Plaintiff may be able to perform substantial gainful activity as defined by Social Security. It is the ALJ's role to resolve conflicts in the medical testimony and any ambiguities in the record. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Accordingly, the court finds it appropriate to remand this action for further proceedings.

### III. CONCLUSION

Based on the foregoing, the Court finds that the decision of the Commissioner of Social Security is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate. The Clerk of Court is directed to enter judgment accordingly.

Dated this 1st day of February, 2016.

_____
Eileen S. Willett
United States Magistrate Judge